**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Thomas Rhodes,<br><br>               Plaintiff,<br><br>v.<br><br>Ricardo E. Chavez, et. al.,<br><br>               Defendants. | No. CV-12-01971-PHX-DGC<br><br>**ORDER** |

      At a scheduling conference on May 29, 2013, the Court dismissed the action as to Defendant Robert E. McFadden due to Plaintiff's failure to serve. Doc. 17. Plaintiff has filed a motion for reconsideration. Doc. 22. The Court will deny the motion.

      Motions for reconsideration "are disfavored and will be granted only upon a showing of manifest error or new facts or legal authority which could not have been raised earlier with reasonable diligence." *In re Rosson*, 545 F.3d 764, 769 (9th Cir. 2008) (quotation marks, brackets, and citations omitted); *see also S.E.C. v. Kuipers*, 399 Fed. Appx. 167, 170 (9th Cir. 2010); LRCiv 7.2(g)(1). Mere disagreement with an order is an insufficient basis for reconsideration. *See Ross v. Arpaio*, No. CV 05-4177-PHX-MHM (ECV), 2008 WL 1776502, at *2 (D. Ariz. Apr. 15, 2008). Nor should a motion for reconsideration be used to ask the Court to rethink its analysis. *Id.*; *Nw. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).

      Plaintiff submits that since the May 29, 2013, scheduling conference, he has learned that "at the time of the hearing the U.S. Attorney knew where defendant McFadden was located due to the fact that she had received a declaration from

McFadden, dated March 11, 2013." Doc. 22 at 2. Plaintiff argues that because the defense has submitted McFadden's declaration in this action the defense "has inadvertently entered McFadden into these proceedings regardless of the fact that the Marshals Service was unable to perfect service of the Complaint." *Id.* Plaintiff objects to defense counsel's failure to disclose information pertaining to Defendant McFadden's whereabouts. *Id.* Defendants respond by stating that defense counsel does not have McFadden's home address, that Plaintiff never sought discovery to obtain the address in the eight months before McFadden was dismissed, and that the submission of a declaration does not convert McFadden into a party. Doc. 26 at 2-3.

Plaintiff does not address the high standard governing motions for reconsideration. The evidence about the McFadden declaration is not a new fact, and Plaintiff has not shown that through the exercise of reasonable diligence he could not have obtained the information necessary to serve Defendant McFadden. At the scheduling conference, the Court noted that eight months was more than ample time for Plaintiff to serve all defendants and for that reason, the Court refused to further extend the service deadline. Doc. 17. Plaintiff's motion for reconsideration essentially submits this same question and the Court need not reconsider it.

**IT IS ORDERED** that Plaintiff's motion for reconsideration (Doc. 22) is **denied**.

Dated this 24th day of July, 2013.

_____
David G. Campbell
United States District Judge

- 2 -