**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Thomas Rhodes,<br><br>                    Plaintiff,<br><br>v.<br><br>Ricardo E. Chavez, et al.,<br><br>                    Defendants. | No. CV-12-01971-PHX-DGC<br><br>**ORDER** |

Defendants have filed a motion to dismiss. Doc. 19. They argue that Plaintiff David Rhodes' complaint is barred by the statute of limitations and fails to state a claim, and that the Court lacks personal jurisdiction over Defendants Johnson and Watts. The motion is fully briefed and no party has requested oral argument. For the reasons set forth below, the Court will grant the motion.

**I.    Background.**

Plaintiff David Rhodes received early release from an 11-year sentence on October 24, 1990, with 1,681 days remaining. Doc. 18 ¶ 8. On July 30, 1991, the United States Parole Commission ("USPC") issued a warrant for Plaintiff's arrest based on violation of his early release terms due to newly filed federal drug charges. *Id.* ¶ 9. United States Marshals eventually arrested Plaintiff pursuant to the new charges and the USPC warrant. On October 31, 1991, the USPC issued a Notice of Action placing the USPC warrant on detainer pending disposition of the new charges. *Id.* ¶ 11. The United States District Court for the District of Wyoming sentenced Plaintiff to 20 years for the

new drug charges on August 12, 1993. The court granted Plaintiff credit for time served since his arrest on September 23, 1991, through the day before the sentencing, which yielded a projected release date of February 25, 2009. *Id.* ¶ 13.

On May 2, 1996, the USPC issued a Notice of Action stating that Plaintiff would receive credit on his release violation from the date of the original arrest. Doc. 18 ¶ 17. A new sentence computation was completed for the release violation term of 1,681 days, giving Plaintiff credit for time served back to the September 23, 1991 arrest. Credit for the time served was erroneously removed, however, from the 20-year drug sentence that had been imposed by the District Court, and Plaintiff's release date for the drug offense was changed to March 2, 2011. *Id*. Plaintiff sought administrative remedies and filed habeas petitions seeking credit for the prior custody time against the 20-year drug sentence, but his efforts were unsuccessful. Doc. 18 ¶¶ 21-23. He was released from the Federal Correctional Institution in Phoenix on September 20, 2010. Doc. 29 at 5. He filed this *Bivens* action on September 17, 2012.

## II.     Statute of Limitations.

Federal law determines when a *Bivens* claim accrues, but the law of the forum state determines the statute of limitations for such a claim. *See Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008) (quoting *Papa v. United States*, 281 F.3d 1004, 1009 (9th Cir. 2002)). A *Bivens* claim accrues "when the plaintiff knows or has reason to know of the injury." *Safouane v. Hassett*, 514 Fed.App'x 691, 692 (9th Cir. 2013) (quoting *W. Ctr. For Journalism v. Cederquist*, 235 F.3d 1153, 1156 (9th Cir. 2000)). The forum state's personal injury statute of limitations applies to *Bivens* claims. *See Van Strum v. Lawn*, 940 F.2d 406, 410 (9th Cir. 1991). Tolling provisions for *Bivens* claims are also borrowed from the forum state. *See Pesnell*, 542 F.3d at 1043 (quoting *Papa*. 281 F.3d at 1009).

In Arizona, the statute of limitations for personal injury claims is two years. A.R.S. § 12-542. Defendants argue that the limitations period expired before Plaintiff filed his complaint because "[a]ll actions of the individual defendants alleged in the

[c]omplaint occurred on or before November 24, 2009." Doc. 19 at 3. Because Plaintiff knew of his injuries in November 2009, the government argues, the limitations period for the *Bivens* action expired in November 2011.

The government is correct. Although Arizona has a tolling statute which suspends the running of the statute of limitations in favor of persons with certain disabilities, imprisonment is not listed as a qualifying disability. A.R.S. § 12-502. Indeed, "[t]he current version of [A.R.S. § 12-502] omits reference to imprisonment altogether and no longer recognizes imprisonment as a legal disability. Plaintiff has cited no authority, and the court is unaware of any, construing the current version of § 12-502 to toll claims based on a plaintiff's imprisonment." *West v. City of Mesa*, 2012 WL 2977309, *3 (D. Ariz. July 20, 2012). Because Plaintiff filed his complaint on September 17, 2012, more than two years after he became aware of his injuries, the complaint is time-barred.

Plaintiff asserts that his *Bivens* action did not accrue until June 25, 2012, when the Supreme Court denied certiorari on his petition for a writ habeas corpus. Doc. 28 at 2. Plaintiff argues that "[n]o *Bivens* lawsuit could have been filed earlier during the period that the habeas petition was being litigated because . . . a *Bivens* action cannot be filed to challenge the correctness or duration of a prison sentence by a prisoner." *Id*. Plaintiff's argument appears to arise from a misreading of *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* holds that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Id*. at 486-87. "*Heck*'s requirements apply equally to suits brought under *Bivens*." *Jones v. Shields*, 107 Fed.App'x 725, 726 (9th Cir. 2004).

Plaintiff's reliance on *Heck* is misplaced. Plaintiff's claim does not challenge the validity of his convictions for the drug charge or the early release violation, nor does it

challenge the 20-year sentence imposed in the drug case or the 1,681 days he received for the early release violation. Plaintiff instead claims that an error occurred when the credit for time served given as part of the 20-year sentence was mistakenly dropped in a subsequent administrative calculation. Because success on this charge would not "imply the invalidity of his conviction or sentence," it is not barred by *Heck*. 512 U.S. at 486. As a result, *Heck* did not prevent Plaintiff from bringing this *Bivens* claim during the pendency of his habeas corpus petition. His claim therefore accrued in November of 2009 and is barred by the applicable two-year statute of limitations.

**IT IS ORDERED:**

1. The motion to dismiss (Doc. 19) is **granted**.
2. Defendants' motion for summary judgment (Doc. 35) is found to be **moot**.
3. The Clerk shall terminate this action.

Dated this 25th day of October, 2013.

_____
David G. Campbell
United States District Judge